1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

BRIAN LEE PHILLIPPE,

11

Plaintiff,

CASE NO. 14-cv-05968 JRC

12

v.

ORDER ON PLAINTIFF'S
COMPLAINT

13

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

14

15

Defendant.

16

17

     This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19

Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States

20

Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 10, 12, 13).

21

     After considering and reviewing the record, the Court concludes that the ALJ did

22

not err in failing to properly determine plaintiff's severe impairments because plaintiff

23

did not establish his eye blurriness to be a medically determinable impairment. Further,

24

the ALJ provided clear and convincing reasons for discounting plaintiff's testimony. The ALJ did not err then in assessing plaintiff's RFC. Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, BRIAN LEE PHILLIPPE, was born in 1964 and was 45 years old on the alleged date of disability onset of January 20, 2010 (*see* AR. 191-97). Plaintiff dropped out of high school, but did obtain his GED (AR. 49). He has work experience as a carpenter but has not worked since he was injured on the job (AR. 43-48, 256-71).

According to the ALJ, plaintiff has at least the severe impairments of "right knee arthrofibrosis, status post anterior cruciate ligament (ACL) reconstruction; hypertension; elevated body mass index; major depression, moderate, untreated; and alcohol abuse (20 CFR 404.1520(c))" (AR. 23).

At the time of the hearing, plaintiff was divorced and living with his 22-year-old son in a mobile home (AR. 52-53).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 90-102, 104-17). Plaintiff's requested hearing was held before Administrative Law Judge Michael C. Blanton ("the ALJ") on May 16, 2013 (*see* AR. 39-88). On May 24, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 18-37).

1       In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the

2 Commissioner err by failing to properly determine the severe impairments; (2) Did the

3 Commissioner err in determining plaintiff's credibility; and (3) Did the Commissioner err

4 in determining plaintiff's RFC (*see* Dkt. 10, p. 2).

5 <u>STANDARD OF REVIEW</u>

6       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

7 denial of social security benefits if the ALJ's findings are based on legal error or not

8 supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

9 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

10 1999)).

11

12 <u>DISCUSSION</u>

13    (1) **Did the Commissioner err by failing to properly determine the severe impairments?**

14

15       Plaintiff contends that the ALJ erred by failing to determine that plaintiff's

16 bilateral eye blurriness was a severe impairment (*see* Opening Brief, Dkt. 10, pp. 4-6).

17 Bilateral eye blurriness was not one of the severe impairments the ALJ found at step two

18 of the sequential evaluation process, nor was there any discussion of such an impairment

19 in the ALJ's analysis at step two (*see* AR. 23).

20       Step two of the administration's evaluation process requires the ALJ to determine

21 if the claimant "has a medically severe impairment or combination of impairments."

22 *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §

23 404.1520(a)(4)(ii) (1996). The ALJ "must consider the combined effect of all of the

24

claimant's impairments on her ability to function, without regard to whether [or not] each alone was sufficiently severe." *Smolen, supra*, 80 F.3d at 1290 (citations omitted). The step-two determination of whether or not a disability is severe is merely a threshold determination, raising potentially only a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (*citing Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)).

An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. § 404.1521(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims," when the disability evaluation process ends at step two. *Smolen, supra,* 80 F.3d at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).

Regarding the establishment of a disability, it is the claimant's burden to "'furnish[] such medical and other evidence of the existence thereof as the Secretary may

require.'" *Yuckert, supra*, 482 U.S. at 146 (*quoting* 42 U.S.C. § 423(d)(5)(A)) (*citing*

*Mathews v. Eldridge*, 424 U.S. 319, 336 (1976)) (footnote omitted).

The Court notes that plaintiff bears the burden to establish by a preponderance of

the evidence the existence of a severe impairment that prevented performance of

substantial gainful activity and that this impairment lasted for at least twelve continuous

months. 20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c); *Yuckert, supra*, 482 U.S. at 146;

*see also Tidwell, supra*, 161 F.3d at 601 (*citing Roberts v. Shalala*, 66 F.3d 179, 182 (9th

Cir. 1995)). The existence of a medically determinable impairment "must be established

by medical evidence consisting of signs, symptoms, and laboratory findings." *Ukolov v.*

*Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (*citing* SSR 96-4p); 20 C.F.R. § 404.1508.

Only acceptable medical sources may diagnose and establish that a medical impairment

exists. 20 C.F.R. § 404.1513(a).

Here, plaintiff supports his contention of a severe impairment with a citation to

one page in the medical record in which an evaluating physician noted in the history

section of a report that plaintiff is "[complaining of] bilateral eye blurriness for 1 – 1 ½

years" (*see* Opening Brief, Dkt. 10, p. 4; AR. 759). The record contains no diagnosis of

an eye impairment based on signs, symptoms, or laboratory findings; it only contains a

complaint that was recorded in plaintiff's medical history. "[U]nder no circumstances

may the existence of an impairment be established on the basis of symptoms alone."

*Ukolov, supra*, 420 F.3d at 1005. Moreover, plaintiff acknowledged at the hearing that he

had not sought treatment for any eye impairment (*see* AR. 51). The ALJ reasonably

found no medically determinable vision impairment because the record did not contain a diagnosis by an acceptable medical source.

Plaintiff argues that under SSR 96-3p, a determination that a claimant's impairment is not severe requires a careful evaluation of medical findings and a judgment about the resulting limitations, which was missing here. However, before the determination of whether or not an impairment is severe occurs, SSR 96-3p requires the claimant to establish that the impairment exists by objective medical evidence. SSR 96-3p, 1996 SSR LEXIS 10 at *2. Plaintiff did not provide such evidence here.

Plaintiff further contends that any affirmation of the ALJ's decision not to discuss the alleged impairment would be a post hoc rationalization because review of the ALJ's decision must be based on actual findings offered by the ALJ (*see* Opening Brief, Dkt. 10, p. 5). However, the ALJ need not discuss all evidence presented to him but must only explain why "significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)). Plaintiff's complaint of eye blurriness did not establishment an impairment and therefore was not significant probative evidence. A claimant denied disability may not buy a free remand by raising any issue so insignificant that the ALJ did not discuss it, and then attempt to bind the reviewing court's hands from positing explanations for the ALJ's silence. The ALJ reasonably did not find a medically determinable vision impairment and was under no obligation to discuss it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

(2)    **Did the Commissioner err in determining plaintiff's credibility?**

Plaintiff contends that the ALJ erred in stating that plaintiff's allegations were not fully credible (*see* Opening Brief, Dkt. 10, pp. 6-7). The ALJ found plaintiff's allegations not to be fully credible for several reasons: inconsistency with the medical evidence, lack of treatment for alleged mental health issues, and inconsistency with plaintiff's daily activities (*see* AR. 29).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971); *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's

credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen, supra*, 80 F.3d at 1284 (citation omitted).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. § 404.1529; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. § 404.1529(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell, supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407).

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, *supra*, at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell, supra*, 947 F.2d at 343, 346-47). The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit:

Indeed, the cases following *Bunnell* read it as supplementing the "clear and convincing" standard with the requirement that the reasons also must be "specific." (Internal citation to *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)). Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide specific, clear, and convincing reasons. (Internal citation to *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.

*Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected").

As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at 601). That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Plaintiff argues that the ALJ discounting plaintiff's credibility due to inconsistency with his daily activities is not clear and convincing because it is not supported by evidence in the record. However, plaintiff does not challenge the ALJ making an adverse credibility finding based on inconsistency with the medical evidence and lack of treatment for mental health issues.

As outlined by the ALJ, plaintiff's allegations about severe knee pain were inconsistent with the medical evidence (*see* AR. 29). Dr. Spencer Coray, M.D., found no effusion, mild tenderness, and stable ligaments in the knee, with only a mild gait disturbance (*see* AR. 445-47). Dr. Joseph Elias, M.D., found decreased range of motion in the knee but with full strength, intact sensation, and no swelling or tenderness (*see* AR. 464).

The ALJ also found that plaintiff's allegations related to memory and concentration impairments were inconsistent with the medical evidence (*see* AR. 29). Dr. Pamela Moslin, M.D., found plaintiff's memory grossly intact and found his concentration mildly distracted but generally "focused and energized" (*see* AR. 458). Dr. Douglas Robinson, M.D., found plaintiff's memory and cognitive function to be within normal limits (*see* AR. 749). The ALJ reasonably discounted plaintiff's credibility for these inconsistencies.

Although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell*, *supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407), an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995). In *Johnson*, the Ninth Circuit reasoned as follows:

> The ALJ also identified several contradictions between claimant's testimony and the relevant medical evidence and cited several instances of contradictions within the claimant's own testimony. We will not reverse credibility determinations of an ALJ based on contradictory or ambiguous evidence. (*Internal citation to*

577, 579 (9th Cir. 1984)).

> In addition to the inconsistencies within claimant's testimony, the ALJ
> noted the absence of medical treatment for claimant's back problem
> between 1983 and October 23, 1986, suggesting that if the claimant had
> actually been suffering from the debilitating pain she claimed she had,
> she would have sought medical treatment during that time.

*Id.* Here, the ALJ found contradictions between plaintiff's testimony and the medical evidence, citing several instances. Then, the ALJ also discounted plaintiff's testimony because plaintiff sought no treatment for his alleged mental health impairments (*see* AR. 29). *See Tommasetti v. Astrue*, 533 F.3d 1035, 39 (9th Cir. 2008) (ALJ may consider claimant's "unexplained or inadequately explained failure to seek treatment" when evaluating credibility). Plaintiff reported that he had never been evaluated or treated by a psychiatrist and that he had never taken any psychotropic medication (*see* AR. 51, 455, 746).

Finally, plaintiff argues that the ALJ improperly discredited his credibility by relying on an evaluation from March of 2011 -- two years before the hearing. However, this evaluation occurred during the relevant period of alleged disability, so the ALJ properly weighed this evidence along with all other testimony provided by plaintiff.

Therefore, the Court finds that the ALJ did not err in discounting plaintiff's testimony because he provided specific, clear, and convincing reasons supported by substantial evidence.

(3)     **Did the Commissioner err in determining plaintiff's RFC?**

Plaintiff also argues that the ALJ erred in determining plaintiff's residual functional capacity ("RFC") because the ALJ failed to consider plaintiff's bilateral eye

blurriness (*see* Opening Brief, Dkt. 10, pp. 7-8). However, as noted above, plaintiff failed

to establish a medically determinable impairment, and the ALJ reasonably did not discuss

what was not significantly probative evidence. *See supra*, section 1. Therefore, there is no

reason to reverse this matter based on the ALJ's RFC.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this

matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **defendant** and the case should be closed.

Dated this 13th day of May, 2015.

J. Richard Creatura
United States Magistrate Judge